# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JEREMIAH R. WASHINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:09CV2070 JCH |
| | ) | |
| UNKNOWN DOE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Jeremiah Washington (registration no. 531474), an inmate at Eastern Reception Diagnostic and Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.50. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $7.50, and an average monthly balance of $0.15. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.50, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact."

-2-

Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983. Named as defendants are Unknown Doe (Psychiatrist, South Central Correctional Center "SCCC"), Lynn Calcote (Psychiatrist, SCCC), Unknown Phillips (Nurse, SCCC), Unknown O'Neil (same), B. Hoskins (Sergeant, Southeast Correctional Center "SECC"), Unknown Wade (Lieutenant, SECC), Unknown Novak (Sergeant, SECC), John Does 1-4 (Correctional Officers, SECC), Jane Doe (Correctional Officer, SECC), John Doe (Sergeant, SECC), and John Doe (Lieutenant, SECC). The complaint seeks monetary relief.

Plaintiff alleges that in May or June 2008, while he was detained at SCCC, which is located in the Western District of Missouri, defendant Unknown Doe, psychiatrist, abruptly discontinued all of plaintiff's psychiatric medications. Allegedly,

Unknown Doe informed plaintiff that the medications had been discontinued because of plaintiff's failure to follow through with appointments. Plaintiff maintains that he never refused any appointments with Doe. Plaintiff says that the discontinuation of his medications caused him stress, mood swings, and serious mental anguish. As a further result, claims plaintiff, he was placed on suicide watch. Plaintiff alleges that defendant Calcote "condoned" the discontinuation of plaintiff's medication, even though Calcote knew that it was causing plaintiff to suffer. Plaintiff further alleges that defendants Phillips and O'Neil "refused to provide medical treatment to plaintiff." Plaintiff was subsequently transferred to SECC.

Plaintiff alleges that on December 1, 2008, while he was incarcerated at SECC, defendant Wade gave approval to defendant Novak to move plaintiff and to assault him, knowing that Novak had a history of violence. Plaintiff claims that he was approached in his cell by defendant Hoskins, who ordered plaintiff and his cellmate to "cuff up." Plaintiff alleges that Hoskins then escorted him to a security cage "with malice." Plaintiff says Hoskins ordered him to remove his clothing and then repeatedly ordered him to bend over and cough while naked, simply for Hoskins's amusement. Plaintiff alleges that John Does 1-4 then began to escort him out of the housing unit. Plaintiff claims that John Does 1-4 then brutally assaulted him, slamming his head into a steel door, slamming his body to the floor, attacking him, and later carrying him "hog

style." Plaintiff says that defendant John Doe (Sergeant) was present and ordered John Does 1-4 to assault plaintiff. Plaintiff claims that defendant Jane Doe videotaped the incident. Plaintiff alleges that he suffered serious injuries as a result of the assault: a dislocated hip, fractured pelvis, a "gash" over his right eye, and other minor bruises. Plaintiff claims that he remains disabled to this day because of his injuries.

## Discussion

1.  <u>Assault Claims, SECC</u>

The complaint survives initial review as to defendant Hoskins, John Does 1-4, and John Doe (Sergeant). As a result, the Court will order Hoskins to respond to the complaint. Plaintiff should be permitted to ascertain the identities of the John Doe defendants through discovery.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." <u>Madewell v. Roberts</u>, 909 F.2d 1203, 1208 (8th Cir. 1990); <u>see also</u> <u>Martin v. Sargent</u>, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff); <u>Boyd v. Knox</u>, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that defendants Wade, Novak, Jane Doe, or John Doe (Lieutenant) were directly involved

in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted as to these defendants.

  2.  Medication Claims, SCCC

The Court questions whether the SCCC defendants are properly joined in this action. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (district court should question joinder of defendants and claims in prisoner cases).

Rule 18(a) of the Federal Rules of Civil Procedure states, "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party."

Rule 20(a)(2) of the Federal Rules of Civil Procedure allows for joinder of defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and [] any question of law or fact common to all defendants will arise in the action."

The claims against the defendants at SCCC, which is located in another judicial district, do not arise out of the same transactions or occurrences as those claims that took place at SECC. There is no relation whatsoever between the claims. As a result,

the Court finds that defendants Unknown Doe (Psychiatrist), Lynn Calcote, Unknown Phillips, and Unknown O'Neil are not properly joined in this action. If plaintiff wishes to bring these claims against these defendants, he should file a separate civil action in the Western District of Missouri.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.50 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendant B. Hoskins, Sergeant at Southeast Correctional Center.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendant Hoskins shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process as to defendants John Does 1-4 or John Doe (Sergeant) at this time because the true names of these defendants are not known.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants Unknown Doe, Lynn Calcote, Unknown Phillips, Unknown O'Neil, Unknown Wade, Unknown Novak, Jane Doe, and John Doe (Lieutenant) are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An appropriate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 12th day of February, 2010.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE