UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEREMIAH R. WASHINGTON, | ) |
| Plaintiff(s), | ) |
| vs. | ) Case No. 4:09CV2070 JCH |
| BRYAN HOSKINS, et al., | ) |
| Defendant(s). | ) |

## ORDER

This matter is before the Court on several motions filed by the parties. The Court will address the motions in turn.

**I.  Defendant's Motion To Dismiss**

On April 16, 2010, Defendant Bryan Hoskins ("Defendant") filed a Motion to Dismiss Plaintiff's Complaint. (Doc. No. 10). In his motion, Defendant asserts that because Plaintiff did not set forth a clear statement in his Complaint that Defendant acted in his personal capacity, the Court must assume Plaintiff's claims are against Defendant in his official capacity only. (Doc. No. 11, P. 4). Defendant continues to assert that damages claims under Section 1983 against defendants acting in their official capacity are barred either by the Eleventh Amendment, or because such defendants are not considered "persons" for purposes of Section 1983. (Id.). In his response to Defendant's motion, Plaintiff requests leave to amend his Complaint, to clarify that he is suing Defendant in his individual capacity. (Doc. No. 20, P. 2).

Upon consideration, the Court will grant Plaintiff leave to amend his Complaint to state a personal-capacity claim against Defendant Hoskins, and deny Defendant's Motion to Dismiss.

**II.  Plaintiff's Motion For States Provision Of Funding For Access To Courts**

On May 14, 2010, Plaintiff asked the Court to compel the State and/or Missouri Department of Corrections to provide him with "needed material to litigate his case." (Doc. No. 17). Plaintiff attached a photocopy of a portion of Eastern Reception Diagnostic & Correctional Center ("ERDCC") Standard Operating Procedure ("SOP") 8-1.1, Access to Courts, as well as a copy of the offender grievance he filed on this matter. (Doc. No. 17-1). The applicable regulations state as follows:

> H. Offenders will not be eligible for assistance unless she/he has not had a spendable balance of $7.50 in her/his offender account during the preceding 31 days.
>
>> 1. The offender must place a request to her/his unit staff for financial assistance, providing proof as to supplies and services needed and the reason for need.
>>
>> 5. Classification staff will determine whether the offender has sufficient funds to cover the cost.
>>
>>> b. If the offender does not have funds, the classification staff will check with the canteen to determine whether the offender has purchased items other than legal supplies or basic hygiene items within the preceding 31 days. If the offender has purchased canteen items other than legal supplies and basic hygiene items in the preceding 31 days, the offender is not eligible for assistance.
>>>
>>> c. If the offender has purchased only legal supplies and/or basic hygiene items, the offender will list on the Canteen Purchase List the specific items and numbers of items required and the reason the items are needed.
>>>
>>> d. Classification staff will have the offender complete a Request for Withdrawal of Offender's Personal Funds form for the cost of the items.
>>>
>>> e. Classification staff will send the original Canteen Purchase List to the canteen manager and have the request filled. The order will be returned to the classification staff.

(Id.).

In response to Plaintiff's motion, Defendant provides evidence that Plaintiff receives $7.50 per month. (Doc. No. 22, P. 1; Doc. No. 22-1, ¶ 4). Defendant further notes that while offenders nevertheless may be entitled to acquire additional legal supplies if certain conditions are met, Plaintiff fails to demonstrate that he complied with the procedures outlined under ERDCC SOP 8-1.1 § III.(H)(5). (Doc. No. 22, P. 2). In other words, Defendant maintains that should Plaintiff satisfy the conditions of §§ III.(H)(5)(b),(c),(d), and (e), he may be able to receive the requested legal supplies without Court intervention. (Id.).

In light of these circumstances, the Court will deny Plaintiff's motion without prejudice.

### III. Plaintiff's Motion Requesting Extension Of Time

On May 18, 2010, Plaintiff filed a motion requesting an extension of time. (Doc. No. 19). Upon consideration, the Court will deny Plaintiff's motion, as he fails to specify the motion for which he seeks an extension of time within which to respond.

### IV. Plaintiff's Motion Ordering Defendant's Attorney To Provide The Court With The Current Contact Information On Defendants John Does 1-4 And John Doe Sergeant

Finally, on May 18, 2010, Plaintiff filed a motion requesting that the Court order Defendant to provide the Court with current contact information for Defendants John Does 1-4 and John Doe Sergeant, in order to assist in the service of process. (Doc. No. 21). In response, Defendant notes that in its February 12, 2010, Memorandum and Order, the Court specified that, "Plaintiff should be permitted to ascertain the identities of the John Doe defendants through discovery." (Doc. No. 4, P. 5). Defendant further notes that to date, Plaintiff has not served any discovery requests in this matter. (Doc. No. 25, P. 2). The Court therefore will deny Plaintiff's motion without prejudice.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Bryan Hoskins' Motion to Dismiss (Doc. No. 10) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for States Provision of Funding for Access to Courts (Doc. No. 17) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion Requesting Extension of Time (Doc. No. 19) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion Ordering Defendant's Attorney to Provide the Court with the Current Contact Information on Defendants John Does 1-4 and John Doe Sergeant (Doc. No. 21) is **DENIED** without prejudice.

Dated this 17th day of June, 2010.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE