# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

JEREMIAH R. WASHINGTON,      )
                                       )

        Plaintiff,            )
                                       )

    v.                      )        No. 4:09CV2070 JCH
                                       )

UNKNOWN DOE, et al.,        )
                                       )

        Defendants.       )

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for leave to amend his complaint by interlineation. Also before the Court is plaintiff's motion for appointment of counsel and a motion for extension of time to respond to some unnamed deadline. The Court will deny plaintiff's motion for appointment of counsel, as well as his motion for extension of time. The Court will also deny plaintiff's motion to amend his complaint by interlineation. However, pursuant to 28 U.S.C. § 1915, and per this Court's instructions as set forth herein, plaintiff will be required to file an amended complaint in this action. Plaintiff's failure to comply with these instructions may result in a dismissal of his action, without prejudice.

### Procedural Background

Plaintiff's original complaint was brought under 42 U.S.C. § 1983 alleging various alleged violations of plaintiff's civil rights during his incarceration at two

separate correctional centers: South Central Correctional Center ("SCCC") and Southeast Correctional Center ("SECC"). In short, plaintiff alleged that he had been a victim of assault by several correctional officers at SECC, and that he had been denied his medication to treat a mental illness while housed at SCCC.

On February 12, 2010, after a comprehensive review of plaintiff's complaint under 28 U.S.C. § 1915, the Court dismissed plaintiff's claims relating to his alleged denial of medication at SCCC because these claims did not arise from the same transaction or occurrences at the assault claim, and moreover, they arose from a location outside this judicial district. The Court noted, at that time, that should plaintiff wish to bring these claims against defendants located at SCCC, he should file a separate civil action in the Western District of Missouri.[1]

Although the Court dismissed the claims against the defendants which arose from plaintiff's incarceration at SCCC, the Court allowed the assault claims to proceed against defendant Hoskins, John Does 1-4, and John Doe Sergeant. However, plaintiff's claims against defendants Wade, Novak, Jane Doe and John Doe Lieutenant were dismissed because plaintiff had not included allegations that these defendants were directly involved in or personally responsible for the alleged assault on plaintiff.

---

[1]Plaintiff has not yet filed a civil action in the Western District relating to those claims.

In its February 12, 2010 Memorandum and Order, the Court noted that plaintiff would be permitted to ascertain the identities of John Does 1-4 and John Doe Sergeant during the discovery process.

After process was issued on defendant Hoskins, he moved to dismiss plaintiff's complaint, alleging that plaintiff had not named him in his individual capacity. Plaintiff sought leave to amend his complaint to allege capacity, which the Court granted on June 17, 2010. Plaintiff filed a document entitled "Amended Complaint" on July 14, 2010. However, this document was not, in fact an actual amended complaint, but rather an exact, filed-stamped copy of plaintiff's original complaint. Needless to say, plaintiff did not allege capacity against defendant Hoskins with the refiling of his original complaint.

Before the Court could order plaintiff to file an actual amended complaint, plaintiff filed a new "motion for leave to file an amended complaint." Plaintiff has not, however, attached a new pleading to his motion for leave. Rather, in his motion for leave, plaintiff asserts that he has obtained the identity of the Sergeant Doe named in the complaint. Thus, plaintiff seeks leave to name Sergeant Novak[2], as well as

---

[2]The Court dismissed defendant Novak in its February 12, 2010 Order, noting that plaintiff had not made any specific allegations against defendant Novak.

correctional officers Terry Atchinson and K. Irby[3] as defendants in this action. Plaintiff

notes that he would like to pursue his case against these defendants in their individual

capacity, but he has failed to articulate his exact claims against these defendants. [4]

## Discussion

In light of the aforementioned, the Court feels compelled to point out that

plaintiff has so far failed to file any document which could pass as an actual amended

complaint in this action. Because plaintiff is proceeding pro se, the Court will provide

plaintiff with one more opportunity to plead his action against defendants. Plaintiff

must, however, follow the Court's instructions relating to the filing of his amended

complaint, or he will face dismissal of his action, without prejudice.

Plaintiff is required to submit his amended complaint on a court-provided form,

and it must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule

8(a) requires that a complaint contain "a short and plain statement of the claim showing

that the pleader is entitled to relief, and . . . a demand for judgment for the relief the

---

[3]Plaintiff fails to identify whether Atchinson and Irby are two of the still unnamed John Does 1-4.

[4]Plaintiff is attempting, it seems, to amend his original complaint by interlineation. Because all of plaintiff's claims and defendants need to be listed in the same document, the Court will deny plaintiff's motion to amend his complaint by interlineation.

pleader seeks." Rule 8(e) requires that "[e]ach averment of a pleading shall be simple, concise, and direct." And Rule 10(b) requires that "[a]ll averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances."

In his amended complaint, plaintiff may not re-allege assertions against defendants located at SCCC. As the Court previously mentioned, should defendant want to pursue these claims, he should file a complaint in the Western District of Missouri.

In relation to his claims relating to the alleged assault at SECC, plaintiff must clearly state the defendants which he is pursuing allegations against, and he must articulate, for each of those defendants, the factual circumstances surrounding their alleged wrongful conduct. Plaintiff must also allege the capacity under which he is suing the named defendants, as he will not be allowed to supplement or amend his complaint later on through interlineation. These instructions also relate to the John Doe defendants named in the original complaint. In other words, if plaintiff wishes to proceed at this juncture against John Doe defendants, he must articulate specific claims against these defendants, even if he is unable to identify the defendant by name. If plaintiff does, in fact, have a name to attach to the allegations previously attributed to

the John Doe defendants, he should do so.[5]  Plaintiff's failure to make specific and actionable allegations against any of the defendants, including the John Doe defendants, will result in their dismissal from this case.

Plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint.  Plaintiff is warned that the filing of an amended complaint completely replaces the original complaint, and claims that are not re-alleged are deemed abandoned. E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005).  If plaintiff fails to file an amended complaint within thirty (30) days, the Court will dismiss this action without prejudice.

After the filing of plaintiff's amended complaint, the Court will review the amended complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and/or failure to state a claim.  A claim and/or defendant must survive § 1915 review in order for plaintiff to proceed on those claims in this lawsuit.

Lastly, the Court will address plaintiff's two other pending motions.  Because plaintiff does not name the Order and/or deadline he is seeking an extension on, the Court will deny plaintiff's motion for extension of time.  The Court will also deny plaintiff's motion for appointment of counsel, as the facts and legal issues presented in

---

[5]As noted previously, plaintiff will be permitted, during discovery, to ascertain the identifies of any John Doe defendants not dismissed through § 1915 review.

the instant case are not so complex as to warrant appointment of counsel at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to amend his complaint by interlineation [Doc. #41] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time to respond to some unnamed deadline [Doc. #42] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #43] is **DENIED**, without prejudice, at this time.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide to plaintiff, along with a copy of this Order, a blank complaint form for the filing of a civil rights complaint.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint, in accordance with the instructions set forth above, **no later than 30 days from the date of this Order**.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely file an amended complaint or fails to comply with the instructions set forth above relating to the filing of the amended complaint, the Court shall dismiss this action without prejudice.

**IT IS FURTHER ORDERED** that upon the filing of the amended complaint,

it will be subject to review under 28 U.S.C. § 1915.

Dated this 1st day of October, 2010.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE